BALTIMORE & OHIO R. R. CO. (S. S. KRESGE CO.) v. UNITED STATES

No. 6178.—Invoice dated Familleureux, Belgium, March 29, 1938.
          Certified April 1, 1938.
          Entered at Baltimore, Md., May 6, 1938.
          Entry No. 5066.

(Decided June 25, 1945)

*Sharretts & Hillis* (*Edward P. Sharretts* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

OLIVER, Presiding Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated by and between counsel for the respective parties hereto, subject to the approval of the court, that the merchandise covered by the instant appeal to reappraisement consists of certain glassware exported from Belgium.

That the facts, circumstances, and conditions of sale surrounding the purchase and sale of the merchandise covered by the instant appeal both for home consumption and for export to the United States prevailing at the time of the exportation thereof are the same as the facts, circumstances, and conditions of

sale surrounding the purchase and sale of the merchandise covered by Reappraisement No. 131968–A (*Person & Weidhorn, Inc., et al.* v. *United States*, Reap. Dec. 6080).

It is further stipulated and agreed that on the date of exportation of the merchandise involved in the present appeal the entered values represented the prices at which such or similar merchandise was freely offered for sale and sold to all purchasers in the principal markets of the country of exportation in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States.

It is further stipulated and agreed that the record in Reappraisement No. 131968–A (*Person & Weidhorn, Inc., et al.* v. *United States*, Reap. Dec. 6080) be incorporated herein and that the instant appeal to reappraisement is submitted on this stipulation, the same being limited as aforesaid.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such value is the entered value.

Judgment will be rendered accordingly.